UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JIMMY L. GULLY, RAQUEL M.            )
ONTIVEROS, and MAI THURMAN,          )
                                     )
            Plaintiffs,              )    Case No. 04 C 6849
       v.                            )
                                     )    Judge Virginia M. Kendall
ARROW FINANCIAL SERVICES, LLC,       )
                                     )
            Defendant.               )

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Jimmy L. Gully, Raquel M. Ontiveros and Mai Thurman ("Plaintiffs") bring this action against Arrow Financial Services, LLC. ("Defendant" or "Arrow") for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. Defendant attempted to collect debts owed by Plaintiffs to Capital One. Plaintiffs complain that Defendant sent them settlement offers that falsely represented the settlement authority that Capital One gave Defendant. The parties have cross-moved for summary judgment. Because Defendant's letters did not state that its client, Capital One, would not be willing to accept a lower settlement amount – either during the time period stated or in the future – the representations in Defendant's letters are not false.

**Statement of Facts**

Defendant is a debt collector. (Plaintiffs' Rule 56.1 Statement of Material Facts ("Plfs. SMF"), ¶ 6.) Capital One engaged Defendant to perform certain collection services. (Plfs. SMF, App. L, § 1.01.) Schedule B to the Agency Collection Contract signed by Capital One and Defendant was titled "Settlement Authority" and provided:

> The Agency may not settle for less than the amounts shown in the grid below without written authorization from Capital One. The settlement amount is not to include any monies received prior to the date the settlement was negotiated.

|  |  | Days Since Charge-Off | | | |
|---|---|---|---|---|---|
|  |  | 0-90 | 91-180 | 181-730 | >730 |
| Total | $0 – $1,500 | 70% | 70% | 50% | 50% |
| Account | $1,501 - $3,000 | 70% | 50% | 50% | 40% |
| Balance | >$3,000 | 70% | 50% | 40% | 40% |

(Plfs. SMF, App. L, Sch. B.) Defendant attempted to collect debts owed by Plaintiffs to Capital One. (Plfs. SMF, ¶¶ 17-19.) Plaintiffs each received the same form letter from Defendant stating:

> "At this time our client is willing to settle your past due account for [___]% of the full balance and accept this amount as settlement of the referenced account. The settlement amount must be made in one payment and received by our office on or before [date]."

The letters also included the current balance on the account, the settlement amount and information regarding how to make the settlement payment.

**Standard of Review**

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court considers cross-motions for summary judgment from a "Janus-like" perspective, examining each party's motion in turn and viewing all evidence and drawing all inferences in favor of the party opposing the motion. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

**DISCUSSION**

The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). To this end, the FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any

2

debt." 15 U.S.C. § 1692e. This prohibition includes "the use of any false representation or deceptive means to collect or attempt to collect any debt." 15 U.S.C. § 1692e(10). Plaintiffs do not allege that Defendant's statements regarding its settlement authority were misleading or deceptive. Instead, Plaintiffs argue that the statements were false. Thus, the only question is whether Defendant falsely represented that it did not have authority to settle: (1) for a percentage lower than the settlement amount listed in the letters or (2) after the date listed in the letters.[1] *See Gearing v. Check Brokerage Corp.*, 233 F.3d 469, 472 (7th Cir. 2004) ("Section 1692e applies even when a false representation was unintentional").

Although there is no controlling authority from the Seventh Circuit on the propriety of these type of settlement offers, there has been no lack of discussion of the issue from other judges in this district and elsewhere. In particular, this Court finds the reasoning in *Gully v. Van Ru Credit Corp.*, 381 F. Supp. 2d 766 (N.D. Ill. 2005) (Moran, J.) and *Hernandez v. AFNI, Inc.*, 428 F. Supp. 2d 776 (N.D. Ill. 2006) (Gettleman, J.), analogous and persuasive. The operative language of the settlement letters in those cases stated:

> We are authorized to settle your account with the above client which, as of the date of this letter, is $796.87 for the sum of $318.75, provided this sum is received by [defendant] by November 11, 2003. The offer automatically will be revoked if your payment is not received by November 11, 2003.

*Van Ru Credit Corp.*, 381 F. Supp. 2d at 768.

---

[1] To determine whether a claim is misleading or deceptive, a court evaluates FDCPA claims from the perspective of an "unsophisticated debtor." *See Gammon v. GC Services Ltd. Partnership*, 27 F.3d 1254, 1258 (7th Cir. 1994). Because the "unsophisticated debtor" is an objective standard, a plaintiff must submit "objective evidence of confusion" and a plaintiff's own claims of confusion will not create a triable issue of fact. *See Sims v. GC Services L.P.*, 445 F.3d 959, 963 (7th Cir. 2006). Plaintiffs are not required to present such objective evidence where the issue is the falsity of the statements. *See Gearing v. Check Brokerage Corp.*, 233 F.3d 469, 472 (7th Cir. 2004) ("Having concluded that [Defendant's statement was false], little further need be said").

> This offer is only valid if funds are received or secured no later than [date].

*Hernandez*, 428 F. Supp. 2d at 778-779. While each letter contains different language, and should be judged independently, the legal framework for analyzing the settlement language is the same. Applying the sound principles of law set out in *Gully* and *Hernandez*, the statements in Defendant's letters do not violate the FDCPA.

**I.       Authority to Settle for a Percentage Lower Than the Percentage Listed in the Letter**

"At this time our client is willing to settle your past due account for [___]% of the full balance and accept this amount as settlement of the referenced account." Plaintiffs contend that this representation is false because, under the grid, Capital One was willingly to accept a lower percentage of the balance at a later date. And with specific regard to the letters sent to Gully and Ontiveros, making a settlement offer of 75%, Capitol One was willing to accept 70% even at the time of the letter.

"There is a substantial difference between not disclosing the extent of one's settlement authority and misrepresenting that authority." *Van Ru Credit Corp.*, 381 F. Supp. 2d at 772. Thus, the focus is on what Defendant said in the letter, not what Defendant did not say. Defendant stated that, at the time of the letter, its client was willing to settle the account for a certain percentage of the balance due – this is a true statement. *See id.* ("Defendant did not falsely portray what the creditor would accept; instead, it communicated the amount it was willing to accept within a specific time period"). It also may have been true that Capitol One would have accepted a lower percentage, either at the time or in the future, but that fact does not render the settlement language untrue. In contrast, it would be false for Defendant to represent that "Capitol One is willing to settle your past

due account only for [___]% of the full balance" or that "Capitol One will not settle your account for less than [___]% of the full balance." *See id.* ("[D]efendant did not state that it was authorized to settle 'only' for 40 per cent until the specific dates mentioned"). The examples are myriad, but the point is the same – the representation of a debt collector's settlement authority is not false unless it affirmatively represents that a lower percentage will not be accepted. While Defendant failed to disclose the full extent of its settlement authority, the settlement offer never misrepresented that authority.

In addition, Defendant's contract with Capitol One provided specifically "[Defendant] may not settle for less than the amounts shown in the grid below without written authorization from Capital One." (Plfs. SMF, App. L, Sch. B.) And § 1.03 instructed that "[t]he purpose of the collection shall be to collect as much of the balance owed as possible on any accounts assigned by Capital One to the Agency." (Plfs. SMF, App. L, § 1.03.) Based on these instructions, the grid provided a flexible baseline for the settlement authority Capitol One granted Defendant, while at the same time encouraging Defendant to collect as much of the debt owed as possible. *See Van Ru Credit Corp.*, 381 F. Supp. 2d at 772 ("Defendant has the discretion to negotiate within the parameters of its settlement authority, provided that it does not untruthfully state or suggest that the offer was of the one-time-only, take-it-or-leave-it variety"). Because Defendant had no duty to disclose the extent of its settlement authority and never represented to Plaintiffs that it did not have authority to settle for less, Defendant did not represent falsely its settlement authority by offering to settle Plaintiffs' account for the percentages listed in the letters.

II. **Authority to Settle After the Date in the Letter**

"At this time our client is willing to settle your past due account for [___]% of the full

balance and accept this amount as settlement of the referenced account. The settlement amount must be made in one payment and received by our office on or before [date]." Defendants contend that these statements are false because Defendant is allowed, after a written offer has expired, to settle a debt on the same, or even more favorable, terms as the expired offer. Similar to the analysis of Defendant's authority to settle for a lower percentage under the grid, "a settlement offer that states the proposed discount and the length of the offer, but does not expressly nor implicitly indicate that no other offer will be made, passes muster even though future more favorable terms are likely." *Van Ru Credit Corp.*, 381 F. Supp. 2d at 772. Thus, while a debt collector cannot state falsely that the current offer is the only one that will be available, the debt collector need not reveal that another offer will be forthcoming if the debtor does not settle for the terms of the current offer. Judge Gettlemen explained well the basic legal foundation for this approach:

> An offer may require that acceptance be made within a specified time, and "if no acceptance is made within that time, the power of acceptance necessarily expires." 1 Williston on Contracts § 5:5 (4th ed. 2006); *see also* 6A Corbin, Contracts § 273, p. 588 (1962) ("If the time for acceptance of an ordinary offer is expressly limited by the offeror, acceptance must take place within that time or not all; time is of the essence."). An attempt to accept an offer past the deadline set by the offeror is a counteroffer, which the original offeror is free to decline or accept. *Shestokas Distributing, Inc. v. Hornell Brewing Co., Inc.*, 1993 WL 39696, at *4 (N.D. Ill. Feb.16, 1993).
>
> Applying this black letter contract law to the instant case, if either plaintiff had sent defendant a 50% payment on his or her debt after the date stated in the letter, this would not have constituted acceptance of defendant's original offer because that offer had lapsed. That is, there was no current offer to be accepted by plaintiffs after the deadline of the original offer had passed. Instead, the payment would have been considered a new offer or a counteroffer, which defendant was free to accept or reject. That defendant frequently, or even always, accepted late payment or made subsequent settlement offers does not alter the analysis or render defendant's original, time-

limited offer false or misleading.

*Hernandez*, 428 F. Supp. 2d at 781. Moreover, from a practical standpoint, Plaintiffs' approach would require that specific, limited authority be granted to debt collectors for each letter sent or, alternatively, that the letter admit that more favorable terms will be available now or in the future. *See Van Ru Credit Corp.*, 381 F. Supp. 2d at 768 (describing such a requirement as "unfair and unrealistic"). Such a requirement would be impractical and discourage companies from providing settlement offers to debtors. *See id.* at 773 (rejecting plaintiffs' arguments as contrary to the public policy of encouraging the settlements of outstanding debts).

Defendant's settlement letters to Plaintiffs did not misrepresent Defendant's settlement authority. The letters did not represent that no future settlement offers would be available. *See, e.g., Goswami v. American Collections Enterprise, Inc.*, 377 F.3d 488, 491-492 (5th Cir. 2004) (finding representation false and misleading that "[e]ffective immediately, and *only during the next thirty days*, will our client agree to settle your outstanding balance due with a thirty percent (30%) discount off your above balance owed") (emphasis added); *Pleasant v. Risk Management Alternatives, Inc.*, 2003 WL 164227, *1 (N.D. Ill. 2003) (finding representation false and misleading that "[i]f settlement amount is not received by the date indicated above, the offer will be null and void and the entire balance outstanding will be due"). Instead, the letter represented an amount that Capitol One was willing to settle the account for "at this time," without representing that the settlement amount, or more favorable terms, would not be accepted now or in the future. Because Defendant's sin is one of omission, not misrepresentation, its settlement statements are not actionable as false under the FDCPA.

**Conclusion and Order**

Because the letters did not represent that no future settlement offers would be available, Defendant's representations regarding its settlement authority were not false. Wherefore, Defendant's Motion for Summary Judgment is granted and Plaintiffs' Motion for Summary Judgment is denied. Plaintiffs' Motion for Class Certification is denied as moot.
So ordered.

_____
Virginia M. Kendall, United States District Judge
Northern District of Illinois

Date: December 1, 2006